[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
What do you get from the following: a long marriage, 10 children, an affaire with a younger woman, a serious accident, violence, illness, and a felony arrest? Answer — a recipe for divorce. So it is with D'Andrea vs. D'Andrea.
In the instant case, the parties were married on May 15, 1965 at Wolcott, Connecticut, a total of 32 years. They separated in August of 2001. The complaint, filed by the Wife, claimed a dissolution of marriage, joint custody, primary residence, support, alimony, an equitable division of assets, and other relief. The Husband filed an answer admitting the allegations in the complaint, and a cross-complaint claiming a dissolution of marriage, joint custody, an assignment from the defendant's estate, an equitable distribution, and other relief. Both parties were represented by able counsel and fully heard over two days of trial.
The Wife is 56 years of age, a high school graduate, and in poor health. In 1999 she was diagnosed with third stage ovarian cancer which was surgically treated followed by a course of chemotherapy. She is also under the care of a physician for a thyroid condition and a heart problem. In 1995 she was in a bicycle accident from which she suffered injuries to her back and knee. Her knee had to be surgically repaired. All of these medical issues require her to see various doctors on a regular basis. Currently, she has difficulty standing, bending, lifting, performing her daily tasks, and is required to take several prescribed medications daily and to wear special shoes. Although she has had numerous part time jobs, she essentially was a homemaker throughout the marriage. For the last several years she has been employed by the Waterbury Board of Education as a lunch room aide. Her current annual income capacity, as shown on her financial affidavit, is $3,900.00.
The Husband is 57 years of age, has two years of college, and is in fair health. He testified to having chest pains for which he had an CT Page 13881 angioplasty procedure, has a stent, and is required to take prescribed medication. Also, he suffers from diabetes. Testimony indicated that he is often lethargic, cannot concentrate, tires easily and is not as sharp as he is normally. He takes prescribed medication daily and is required to have his condition medically monitored. These complaints have not seemed to severely impact his employment capabilities. For many years he has been employed as a staff representative for AFSCME, AFL-CIO involved in a variety of union negotiations and arbitrations. His current annual income capacity, as shown on his financial affidavit, including car allowance, is $68,803.80.
Ten children were born to the Wife during the marriage, one of whom, Charity Ann, born January 14, 1986, remains a minor. Unfortunately, one of the adult children was severely handicapped from birth with cerebral palsy, is legally blind, and has been institutionalized for many years. Most of the remaining children have, to the credit of both parties, attended college and done well in life. Charity Ann is very accomplished, an honor student, was selected for the SOAR program, and is destined to attend college.
Neither party had any assets which they brought into the marriage, or that were gifted or inherited. The Wife, however, did receive a net settlement of $102,000.00 from her bicycle accident. Some of the proceeds went into household expenditures, lawyers fees, $21,000.00 for the purchase of a new car, and the balance of $73,673.00 is now in a savings account to be used for, among other things, future medical treatment on her knee. There are no significant liabilities that need to be addressed. Total assets of the parties (designation J means the asset is in joint names, H means only in the Husband's name, and W means only in the Wife's name) are as follows:
ASSET FAIR MARKET VALUE
43 Francis Street, Waterbury (J) $105,000.00 1993 Mercury (W) 220.00 2002 Chevrolet (W) 20,000.00 1983 Chrysler (H) 600.00 2001 Buick (H) 15,000.00 Waterbury F. M. FCU CD (W) 73,673.00 Waterbury F. M. FCU checking (W) 0.00 Household Furnish./personal items (H) 2,800.00 Household Furnish./personal items (W) 2,800.00 Prudential Stocks (H) 1,500.00 Savings Bonds (H) 40,000.00 Webster Bk CD's (4)(J) 13,510.00 CT Page 13882 Prudential Ins. CSV (H) 1,714.00 IRA (H) 24,113.00 IRA (3)(W) 16,138.00 401k (H) 1,093.00 Pension (H) value unknown 0.00 Checking (H) 0.00
TOTAL ASSETS $318,161.00
It would serve no useful purpose to chronicle the many causes for the breakdown of this marriage which is clearly irretrievable. The Wife claimed that the Husband had, and continues to have, an affaire with a Virginia resident named Nancy Dowdy. The Husband truthfully acknowledged the relationship. She also claimed that he frequently belittled her, was physically and verbally abusive. The Husband claimed that the precipitating cause of the breakdown was the Wife's 1987 felony arrest for abuse of their handicapped daughter. The alleged event, which took two years to wind through the criminal court system and was eventually nolled, caused the Husband to be estranged from his family for 15 years and left him with doubts about his Wife's culpability. He also claimed that she was argumentative and physically abusive to him on several occasions. While there are two sides to every marital breakdown, and perceptions frequently vary, suffice it to say that the Wife's claims are more credible.
The court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
DISSOLUTION OF MARRIAGE
The marriage is dissolved on the grounds of an irretrievable breakdown.
CUSTODY AND VISITATION
The parties shall have joint legal custody of the minor child who shall have her primary residence with the Wife. The Husband shall have reasonable, liberal, and flexible rights of visitation.
CHILD SUPPORT
CT Page 13883
The Husband shall pay to the Wife child support in the amount of $188.00 per week in accordance with the child support guidelines. Said payments, in light of the waiver signed by both parties, are to be made pursuant to a contingent wage withholding order.
The Husband or the Wife may petition the court for a post judgement educational support order pursuant to statute.
LIFE INSURANCE
The Husband shall name the Wife beneficiary on any group life insurance he might have available to him through his place of employment, currently represented to be $150,000.00, until he no longer has any financial obligation to her. He shall also name her beneficiary on his $5,000.00 Prudential life insurance policy.
MEDICAL INSURANCE
The Husband shall maintain the medical insurance now in force for the benefit of the minor child. Un-reimbursed expenses shall be shared in accordance with the guidelines. The provisions of Conn. Gen. Stat. Sec.46b-84 (e) shall apply.
Each party shall be solely responsible for their own medical insurance except that the Husband shall cooperate with the wife in processing any application she might make for COBRA benefits.
REAL ESTATE
The Husband shall immediately quit-claim to the Wife all of his right, title, and interest in the marital residence located at 43 Francis Avenue, Waterbury subject to all related expenses concerning said property which she shall assume and save the Husband harmless.
ALIMONY
The Husband shall pay to the Wife periodic alimony of $300.00 per week pursuant to a contingent wage withholding order. Said payments shall be paid until the death of either party, the Wife's remarriage, or cohabitation.
PERSONAL PROPERTY
Each party shall retain the furniture and personal possessions in their control without claim from the other. CT Page 13884
Each party shall retain the two motor vehicles in their control without claim from the other.
Each party shall retain the bank accounts, IRA's, 401k plans, CD's, stocks, and savings bonds as shown on their respective financial affidavits. More specifically, the division of the assets of the parties is as follows:
ASSET HUSBAND WIFE 43 Francis St. 0 105,000.00 93 Mercury 0 220.00 2002 Chevrolet 0 20,000.00 1983 Chrysler 600.00 0 2001 Buick 15,000.00 0 Wife's Checking 0 0 Husband's checking 0 0 W's personal prop. 0 2,800.00 H's personal prop. 2,800.00 0 Waterbury FCU CD 0 73,673.00 Prudential Stock 1,500.00 0 Prudential Ins. CSV 1,714.00 0 Savings Bonds 40,000.00 0.00 Webster Bk CD 0.00 13,510.00 Husband's IRA 24,113.00 0.00 Wife's IRA's (3) 0.00 16,138.00 Husband's 401k 1,093.00 0.00
TOTAL ASSETS $86,820.00 $231,341.00
RETIREMENT ASSETS
The Husband's pension at AFSCME shall be equally divided pursuant to a Qualified Domestic Relations Order (QDRO) effective on today's date. The Wife, within a reasonable period of time, shall cause said QDRO to be prepared at her expense and the Husband shall fully cooperate in the processing. Until approved by the plan administrator, the court shall retain jurisdiction.
LIABILITIES
Each party shall be solely responsible for the debts listed on their respective financial affidavits and shall save the other harmless on any and all claims regarding same. CT Page 13885
COUNSEL FEES
Each party shall pay their own counsel fees.
TAXES
The Wife shall be entitled to the dependency exemption for the minor child in odd numbered years and the Husband in even numbered years.
By April 15 of each year, until there is no longer any financial obligation for child support or alimony, the parties shall exchange their complete IRS returns in order to determine that the payments are appropriate under the circumstances then existing.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
Plaintiff's counsel shall prepare the judgment file, have it certified by defendant's counsel, and file it with the court within 30 days.
 ___________________ CUTSUMPAS, J.
CT Page 13886